```
              UNITED STATES DISTRICT COURT
                DISTRICT OF MASSACHUSETTS


_____
                                    )
GERARD BARSOUM,                     )
                                    )
                Plaintiff,          )
         v.                         )    CIVIL ACTION
                                    )    NO. 23-10928-WGY
KINDERHOOK INDUSTRIES, LLC;         )
AMN HEALTHCARE, SERVICES, INC.      )
A/K/AAMN HEALTHCARE SERVICES, INC,;)
AND DAVID FETTEROLF,                )
                                    )
                Defendants.         )
_____)
```

YOUNG, D.J.                                         November 9, 2023

## ORDER

Motions to dismiss, ECF No. 24, on behalf of AMN Healthcare Service, Inc. ("AMN") and ECF No. 28, on behalf of Kinderhook Industries ("Kinderhook") are hereby GRANTED.

Barsoum's complaint fails to "pierce the corporate veil" between parent and subsidiary corporations because it fails to properly impute liability based on agency principles under Massachusetts law. Barsoum attempts to establish AMN and Kinderhook as principals while holding Stratus out to be their agent in their alleged contract with Barsoum. In applying this veil-piercing analysis, Massachusetts courts have endorsed a twelve-factor approach:

[ 1 ]

> The relevant factors are (1) common ownership; (2) pervasive control; (3) confused intermingling of business assets; (4) thin capitalization; (5) nonobservance of corporate formalities; (6) absence of corporate records; (7) no payment of dividends; (8) insolvency at the time of the litigated transaction; (9) siphoning away of corporation's funds by dominant shareholder; (10) nonfunctioning of officers and directors; (11) use of the corporation for transactions of the dominant shareholders; and (12) use of the corporation in promoting fraud.

TechTarget, Inc. v. Spark Design, LLC, 746 F. Supp. 2d 353, 356 (D. Mass. 2010) (citing Attorney General v. M.C.K., Inc., 432 Mass. 546, 555 n. 19, (2000)). "Control in and of itself is not sufficient to disregard the corporate entity." TechTarget, Inc., 746 F. Supp. 2d at 356 (citing Scott v. NG U.S. 1, Inc., 450 Mass. 760, 767-68, (2008)). "In order to pierce the corporate veil, a court must conclude after evaluating these factors that the parent corporation directed and controlled the subsidiary and used it for an improper purpose." TechTarget, Inc., 746 F. Supp. 2d at 356 (citing Scott, 450 Mass. at 767–68; see also Evans v. Multicon Constr. Corp., 30 Mass.App.Ct. 728, 736, (1991)) ("There is present in the cases which have looked through the corporate form an element of dubious manipulation and contrivance....").

Here, at the motion to dismiss stage, it is insufficient to state that "Defendant Kinderhook owned and was responsible for all actions of Stratus and its representatives." Am. Compl., ¶16, ECF No. 21. Nor is it sufficient to describe regular

parent company activities such as the appointment of a Chief Financial Officer, two acquisitions, or having numerous clients in Massachusetts to attempt to establish the principal-agent nexus between Kinderhook and Stratus.  See Id. at ¶¶17-21. Barsoum's complaint only alleges an equity agreement between himself and Stratus via endorsements made by the defendant Fetterolf, an employee of Stratus.  Simply alleging that the parent company "benefitted" from an arrangement is similarly insufficient to establish a principal-agent relationship for the purposes of holding Kinderhook and subsequently AMN liable. Even when taking all inferences in favor of the plaintiff's complaint, there are no allegations concerning both Kinderhook's and subsequently AMN's control of Stratus and use of their control for an improper purpose.  See Scott, 450 Mass. at 767-68.

   Foundational to keeping Kinderhook and AMN involved is establishing the principal-agent relationship between them and Stratus.  Since no principal-agent relationship is alleged properly under Massachusetts law, Barsoum's claims against Kinderhook and AMN alleging Misrepresentation, Breach of Contract, Breach of Implied Covenant of Good Faith and Fair Dealing, Detrimental Reliance, and Unfair and Deceptive Trade Practices in Violation of Massachusetts General Laws Chapter

93A, §11 all fail.  Barsoum's claims against David Fetterolf may proceed as he has not filed a motion to dismiss.

ECF Nos. 24 and 28 are GRANTED.

/s/ William G. Young
WILLIAM G. YOUNG
JUDGE
of the
UNITED STATES[1]

---

[1] This is how my predecessor, Peleg Sprague (D. Mass. 1841-1865), would sign official documents.  Now that I'm a Senior District Judge I adopt this format in honor of all the judicial colleagues, state and federal, with whom I have had the privilege to serve over the past 45 years.

[ 4 ]